Dear Mr. Lee:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the DeSoto Parish School Board ("Board"), you have asked for our opinion as to whether the Board would be exempt from the provisions of Act 590 of the 2008 Regular Session ("Act 590").
Your request indicates that the Board is a political subdivision located within DeSoto Parish. According to the 2000 census, Desoto Parish has a population of 25,494. Considering these facts, you ask whether the Board is exempt from the provisions of Act 590.
Act 590 provides, in pertinent part, the following:
 AN ACT To amend and reenact R.S. 38:2212(A)(1)(f) and 2212.1(B)(4), relative to public contracts; to provide the option for contractors to electronically submit bids for public contracts; to provide for the receipt of electronic bids by political subdivisions; and to provide for related matters.
 * * *
This office has previously recognized that Act 590 significantly changes Louisiana's Public Bid Law, La.Rev.Stat. 38:2211, et. seq.See Attorney General Opinion No. 08-0222. Act 590 requires political subdivisions, with high speed internet access, to provide contractors the option of submitting bids for public contracts through an electronic interactive system. This requirement extends to competitively bid public contracts for public works projects and the purchase of materials and supplies. *Page 2 
We addressed a somewhat similar question in Attorney General Opinion No. 08-0259. There, we were asked whether the Plaquemines Parish Government was exempt from the provisions of Act 590. The Plaquemines Parish Government operates under a Home Rule Charter, while Plaquemines Parish presently has a population of less than 25,000. Considering these facts, we were asked whether the Plaquemines Parish Government was required to comply with the provisions of Act 590.
In response, we recognized that Act 590 contained only three (3) possible exemptions to its general provisions:
 (1) Public entities that are currently without available high speed Internet access are exempt until such time that high speed Internet access becomes available.
 (2) Any parish with a police jury form of government and a population of less than 50,000 is exempt.
 (3) Any city or municipality with a population of less than 25,000 is exempt.
Based on the plain language of Act 590 and the information available to our office, it was our opinion that the Plaquemines Parish Government did not meet the conditions of any of the available three (3) exemptions. The Plaquemines Parish Government was not a public entity without available high speed internet access. It was not a parish with a police jury form of government with a population of less than 50,000, nor was it a city or municipality with a population of less than 25,000.
Similarly, we do not believe the Board meets the conditions of any of the available three (3) exemptions found in Act 590. The Board is not a public entity without available high speed internet access. It is not a parish with a police jury form of government with a population of less than 50,000, nor is it a city or municipality with a population of less than 25,000. As before in Attorney General Opinion No. 08-0259, our conclusion is guided by the established rules of statutory interpretation, which holds that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. See Pumphrey v. City of New Orleans, 05-979, p. 10-12 (La. 4/4/06), 925 So.2d 1202, 1209-10. *Page 3 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt